840 F.2d 10
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marvin HILL, Plaintiff-Appellant,
v.
Phillip G. DANTES, Parole Commissioner for the State of
Maryland, Defendant- Appellee.
 No. 87-6103.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 28, 1987.
Decided Feb. 19, 1988.
 
 Marvin Hill, appellant pro se.
 Before DONALD RUSSELL, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Marvin Hill, a Maryland inmate, appeals the judgment of the district court dismissing his civil action brought pursuant to 42 U.S.C. Sec. 1983. The crux of Hill's claim is that he is not the person who committed the crime for which he is incarcerated. As relief Hill seeks his release. This claim is, for all intents and purposes, the same claim that Hill has raised in a number of federal habeas corpus petitions and Sec. 1983 civil actions. The only variation is in the party named as respondent or defendant to the action. Hill did not obtain any relief on the habeas petitions because he has never proven to the satisfaction of the district court that he has exhausted his state remedies as required by 28 U.S.C. Sec. 2254(b). Hill has also failed to obtain release when he has brought the claim under Sec. 1983. Regardless of how it is styled the claim seeks habeas corpus relief and exhaustion of state remedies is required. Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982).
 
 
 2
 In Hill v. Ward, No. 86-6684(L) (4th Cir. Dec. 2, 1987) (unpublished), this Court vacated the judgments of the district court dismissing with prejudice a number of underlying Sec. 1983 actions. In those cases Hill raised essentially the same claim that he presents in this case. The district court dismissed those cases on the basis that Hill had waived his right to seek habeas corpus relief because he had failed to follow the district court's explicit directions regarding the steps that he must take in order to exhaust his state remedies, and on the basis that the doctrine of res judicata barred Hill from relitigating the claims in the Sec. 1983 actions.
 
 
 3
 Our remand in Hill v. Ward, removes the basis on which the district court dismissed this case. The doctrine of res judicata does not apply to requests for habeas corpus relief. Sanders v. United States, 373 U.S. 1 (1963). The district court may deny a request for habeas corpus relief based upon a previous adverse determination only if (1) the same ground presented in the subsequent application was determined adversely to the petitioner; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the subsequent application. 373 U.S. at 15-17.
 
 
 4
 Accordingly, we vacate the judgment of the district court and remand with instructions to dismiss the case without prejudice. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 5
 VACATED AND REMANDED.